

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2005

# 27th & Girard Ltd v. McDonalds Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3839

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"27th & Girard Ltd v. McDonalds Corp" (2005). *2005 Decisions*. Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 04-3839/3840

———

27TH & GIRARD LIMITED PARTNERSHIP,

Appellant,

v.

MCDONALD'S CORPORATION,

Appellee.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:03-CV-3878)
District Judge: Honorable Petrese B. Tucker

———

Argued November 14, 2005

Before: ROTH, FUENTES, and BECKER, Circuit Judges.

(Filed: December 13, 2005)

Scott M. Waldman (Argued)
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103

Attorney for Appellant

Craig D. Mills (Argued)
Thomas P. Manning
Buchanan Ingersoll PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103

Attorneys for Appellee

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Appellant, 27th & Girard Limited Partnership ("Girard"), appeals the decision of

the U.S. District Court for the Eastern District of Pennsylvania granting summary

judgment in favor of appellee McDonald's Corporation ("McDonald's") on Girard's

breach of contract claim. We exercise de novo review over this claim on appeal and

affirm the District Court's decision.

## I. Background

On May 15, 2002, Girard and McDonald's entered into a lease agreement (the

"Lease") for a property located at 2630 West Girard Avenue (the "Property") in

Philadelphia. McDonald's signed the 20-year lease with the intention of building and

operating a restaurant on the Property. The Lease obligated McDonald's "[t]o comply

with all governmental laws, rules and regulations of any nature applicable to the Premises

or to [McDonald's] occupancy, use, development or operation of the Premises."

McDonald's also agreed to "apply for Permits without unreasonable delay" after the

2

execution of the Lease. The Lease further provided that if McDonald's was unable to obtain all necessary permits within 365 days of the execution of the Lease, McDonald's could terminate the Lease by delivering written notice to Girard.

Within weeks of signing the Lease, McDonald's applied to the Philadelphia Bureau of Licenses and Inspections ("L&I") for permits relating to the construction of the restaurant. These applications—for the right to erect a large McDonald's sign and to use the property as an "Eat-In & Take-Out" restaurant—were denied on June 24, 2002, just over two weeks after they were filed. McDonald's immediately appealed this determination to the Philadelphia Zoning Board of Adjustment (the "Zoning Board"), which scheduled a hearing for July 31, 2002.

Pursuant to Zoning Board rules, notice of an appeal to the Zoning Board "shall be posted by the applicant on each street frontage of the premises with which the appeal is concerned, for at least twelve (12) consecutive days immediately prior to and including the day of the hearing before the Board." The Property has three frontages: Girard Avenue, Taney Street, and 27th Street. Thus, in order to be in compliance with the Zoning Board's rules, notice of the hearing should have been posted on all three frontages every day from July 20 through July 31, the date of the hearing.

The parties do not dispute that McDonald's posted adequate notice as of July 19, one day early, nor do they dispute that as of July 22, one of the three notices—the one on 27th Street—was no longer in place. At the hearing, after reviewing the evidence

3

regarding the posting of notice and permitting the appeal to go forward, the Zoning Board granted the requested variances. In its Notice of Decision, dated August 2, 2002, the Zoning Board noted that McDonald's posted public notice was "proper."[1] Shortly thereafter, on August 22, 2002, McDonald's obtained a permit from L&I to construct its restaurant on the Property. As of the L&I approval, slightly more than three months had passed since the execution of the Lease.

On September 3, 2002, the Fairmount Civic Association ("Fairmount"), a neighborhood group opposed to development of the Property by McDonald's, requested that the Zoning Board reconsider its decision to grant the zoning variances, alleging insufficient notice on the 27th Street frontage. The Zoning Board rejected Fairmount's request in a letter dated September 13, 2002.[2]

Fairmount appealed the Zoning Board's determination to the Court of Common Pleas of Philadelphia County, relying on its inadequate posting argument. Both McDonald's and Girard were named as defendants, and the two parties defended the suit

_____

[1]The relevant text reads:
The Zoning Board of Adjustment, having held a hearing in the above numbered appeal, after proper public notice thereof, has decided that the request for (a) USE VARIANCE(A) & ZONING VARIANCE(S) & CERTIFICATE(S) is:
        GRANTED.

[2]The letter reads in relevant part:
At the July 31, 2002 hearing, counsel for McDonald's presented photographs indicating that the property was posted. Several neighbors also attended the hearing. Therefore, the Board denied the request for reconsideration and rehearing.

4

together against Fairmount. Common Pleas Judge Matthew D. Carafiello initially stayed construction on the Property, but he subsequently modified the stay at McDonald's request to permit limited construction not reliant upon the rights granted by the challenged variances. On September 24, 2002, while the appeal before Judge Carafiello was pending, McDonald's and Girard amended the Lease so as to reaffirm McDonald's right to terminate the Lease and clarify McDonald's responsibilities should it void the agreement. Its rights and responsibilities thus clarified, McDonald's began construction on the Property in December of 2002.

On May 8, 2003, without having conducted an evidentiary hearing, Judge Carafiello ordered that the case be remanded to the Zoning Board for rehearing and that the Property "shall be posted properly, and notice given to all interested parties of the new date."[3] On May 12, 2003, three days before the one-year anniversary of the signing of the Lease, McDonald's sent Girard a formal Notice of Termination based on the Lease provision granting McDonald's that right if it was unable to attain all necessary permits within 365 days of the Lease execution date. On May 20, 2003, Girard rejected McDonald's Notice of Termination and issued a Default and Demand for Performance. In response, McDonald's reasserted its right to terminate the Lease and officially

---

[3]Judge Carafiello's order reads in its entirety:
AND NOW, this 8th day of May, 2003, it is hereby ORDERED AND DECREED, that this case is remanded to the Philadelphia Zoning Board of Appeals for rehearing. The property shall be posted properly, and notice given to all interested parties of the new date.

5

withdrew its application to the Zoning Board for variances. On June 4, 2003, Girard sent McDonald's a notice of monetary default.

Girard filed a one-count complaint in the District Court alleging that McDonald's breached its duties under the Lease. Shortly after commencing this case, Girard moved for partial summary judgment and McDonald's cross-moved for summary judgment. In a memorandum and order dated September 2, 2004, the District Court denied Girard's motion and granted McDonald's cross-motion. This appeal followed.

## II. Discussion

Girard argues that the District Court erred in denying its motion for summary judgment and granting summary judgment for McDonald's. For the reasons stated below, we conclude that the District Court properly granted summary judgment for McDonald's.

Girard first contends that the failure of McDonald's to obtain the necessary permits within the 365-day period was the result of its breach of its obligation under the Lease to comply with all governmental regulations, specifically Philadelphia regulations requiring proper posting of Zoning Board hearing notices. The parties do not dispute that McDonald's posted notice at the Property according to Zoning Board guidelines on July 19, 2003, and that as of July 22 one of the notices was no longer in place.[4] Girard further

---

[4]The record reflects that "[t]he zoning notices were affixed to a plywood board and attached to a 4x4 wooden post, which was placed inside a cement-filled five-gallon bucket." One of the signs was placed on each street frontage so that they could be read from the street, and all three were protected by a locked fence surrounding the Property.

argues that McDonald's is collaterally estopped from claiming in this proceeding that it complied with the posting requirement because a final order of the Philadelphia Court of Common Pleas determined otherwise. For collateral estoppel to apply, Girard must show, among other things, that Judge Carafiello's May 8, 2003 order was a final judgment on the merits—that is, a final determination of whether McDonald's properly posted notice at the Property. However, as the District Court explained, that order "states simply that the case is remanded to the Zoning Board for rehearing without making a finding of fault or reaching the merits of the case."[5] Thus, McDonald's is not collaterally estopped from arguing that it complied with the Zoning Board's posting requirement, and the District Court properly found that McDonald's did not breach its Lease obligation to comply with all governmental regulations.

Girard next argues that McDonald's breached its obligation under the Lease to apply for all permits and variances "without unreasonable delay." According to Girard, it was unreasonable for McDonald's to litigate the posting issue; instead, once McDonald's knew that there was evidence of possibly inadequate notice as to the July posting, it should have either produced evidence to the contrary or sought to reschedule the Zoning Board hearing so that it could repost. The District Court summed up the flaws of this argument as follows:

---

[5]This conclusion is consistent with 2 Pa. C.S.A. § 754, which indicates that a remand is appropriate where the record compiled before the local agency is incomplete.

7

> The problem with [Girard's] argument is that hindsight is 20/20. . . . [Girard] signed off on McDonald's decision to litigate and was a named party in the litigation. If [Girard] thought that litigating before the Court of Common Pleas was unreasonable, the Lease Agreement provides that it did not have to join as a party to the litigation. Without [Girard] as a named party in the litigation, [McDonald's] would have been unable to proceed and would have been forced to prepare for another hearing before the Zoning Board. To come before this Court after an unsatisfactory ruling in the Court of Common Pleas and argue that the litigation should have never taken place would be allowing [Girard] to have it both ways.

In addition, as the District Court noted, "All evidence submitted suggests that McDonald's did everything in its power to obtain the necessary permits to begin construction on the restaurant." Accordingly, for the reasons stated by the District Court, we agree that McDonald's did not violate the "unreasonable delay" clause of the Lease.

Finally, Girard contends that at a minimum the District Court erred in granting summary judgment in favor of McDonald's because it failed to view the facts in the light most favorable to Girard and to make all reasonable inferences in Girard's favor. Put simply, Girard states that further proceedings are necessary to determine whether McDonald's failed to abide by the Lease and the relevant zoning and notice requirements. For the reasons stated above, we reject this argument and therefore affirm the District Court's dismissal of Girard's claim against McDonald's.

### III. Conclusion

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.

8